UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH

Case No. 05-80753-CIV-RYSKAMP/VITUNAC

KATHY KENT,

       Plaintiff,

v.

WALGREEN CO., a foreign
corporation,

       Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

THIS CAUSE comes before the Court upon Defendant's summary judgment motion **[DE 22]** filed on October 18, 2006.  Plaintiff responded **[DE 39]** on November 11, 2006.  Defendant replied **[DE 44]** on November 27, 2006.  The Court heard oral argument from the parties on February 4, 2007.  Accordingly, the motions are now ripe for adjudication.

This is an action alleging race discrimination in Defendant's promotion practices. Plaintiff alleges that her Store Manager was racist and influenced the District Manager's decision to not promote her to store manager.

A party is entitled to summary judgment when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Summary judgment should be entered only when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact

1

when all the evidence is viewed in the light most favorable to the nonmoving party. *See Sweat v. Miller Brewing Co.,* 708 F.2d 655 (11th Cir. 1983). Summary judgment is mandated when a plaintiff "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

In considering a motion for summary judgment, the Court must construe all facts and draw all reasonable inferences in favor of the non-moving party. *HCA Health Services of Ga., Inc. v. Employers Health Ins. Co.*, 240 F.3d 982, 991 (11th Cir. 2001). The non-moving party bears the burden of coming forward with evidence of each essential element of their claims, such that a reasonable jury could find in his favor. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). The burden is not a heavy one; however, the non-moving party "[m]ay not rest upon the mere allegations and denials of [its] pleadings, but [its] response ... must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). "It is the obligation of the non-moving party, however, not the Court, to scour the record in search of the evidence that would defeat a motion for summary judgment: Rule 56 'requires the nonmoving party to go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Lawrence v. Wal-Mart Stores*, *Inc.,* 236 F. Supp. 2d 1314, 1322 (M.D. Fla. 2002) (quoting *Celotex*, 477 U.S. at 324). Moreover, mere conclusory, uncorroborated allegations by a plaintiff in an affidavit or deposition will not create an issue of fact for trial sufficient to defeat a well-supported motion for summary judgment. *See Earley*, 907 F.2d at 1081. The failure of proof concerning an essential element of the nonmoving party's case

necessarily renders all other facts immaterial and requires the court to grant the motion for summary judgment. *See Celotex*, 477 U.S. at 322.

In this case, there is a genuine material issue of fact as to the extent to which the District Manager relied on the Store Manager's recommendation that Plaintiff, although an excellent employee, was not yet ready to act as a store manager. Essentially, this case reduces to a credibility determination between the District Manager and Plaintiff regarding how extensively the District Manager relied on the Store Manager's evaluation of Plaintiff when the District Manager elected not to promote Plaintiff. A court can not make credibility determinations on a motion for summary judgment. *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999); *Moorman v. UnumProvident Corp.*, 464 F.3d 1260, 1267 n. 1 (11th Cir. 2006).

The Court has considered the motion and the pertinent portions of the record, and based on the foregoing reasons, it is hereby ORDERED AND ADJUDGED that Defendant's summary judgment motion **[DE 22]** is **DENIED**.

DONE AND ORDERED in Chambers at West Palm Beach, Florida, this 9 day of February, 2007.

    /s/ Kenneth L. Ryskamp
HON. KENNETH L. RYSKAMP
UNITED STATES DISTRICT JUDGE

Copies provided to:
Cathleen Scott, Esq.
Patrick Martin, Esq.
Gaye Huxoll, Esq.